

**FORCHELLI**
**DEEGAN**
**TERRANA**

**GREGORY S. LISI, ESQ.**
**PARTNER**
**GLISI@FORCHELLILAW.COM**

June 28, 2024

**Via ECF**

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 10C S
Brooklyn, NY 11201

    Re:    *Jahron Black, et. al. v. MPM Enterprises, Inc.*
            Index No. 23-CV-02047 (FB)(JRC)
            **Approval of Consent Decree**

Dear Senior Judge Block:

    This law firm represents defendant MPM Enterprises, Inc. ("Defendant") in the above-referenced case. Defendant writes this letter, with Plaintiff's consent, to respectfully request the Court approve the Consent Decree attached hereto.

    Plaintiff, Jahron Black, filed the above-referenced matter, alleging that Defendant's website is not fully accessible to the Plaintiff and other blind or visually-impaired persons in violation of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law (Article 15 of the New York Executive Law), the New York State Civil Rights Law, and the New York City Human Rights Law (N.Y.C. Administrative Code). Defendant denies the allegations in the complaint and contends that its website is accessible to Plaintiff and all visually-impaired persons. In the interest of avoiding the uncertainty and expenses associated with protracted litigation, the parties seek to resolve this matter expeditiously through settlement. Accordingly, the parties request that the Court so-order the Consent Decree, which resolves all of Plaintiff's outstanding claims.

    In reviewing a Consent Decree, the court "must be certain that the decree 1) 'spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction,' 2) 'come[s] within the general scope of the case made by the pleadings,' and 3) 'further[s] the objectives of law upon which the complaint was based.'" *Crosson v. PopSockets LLC*, 19-CV-200 (CBA)(LB), 2019 WL 6134416, *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019).

    Here, Plaintiff's claims, which stem from the ADA, are within the court's subject matter jurisdiction. Moreover, as in *Crosson*, the instant Consent Decree requires Defendant to use

Reasonable Efforts to provide persons with a disability an equal opportunity to participate in and benefit from the goods, services, privileges, advantages and accommodations provided by Defendant's website, which satisfies the second and third elements. Indeed, courts in this Circuit routinely approve Consent Decrees in ADA website accessibility cases. *See generally Senior v. Zebit, Inc.*, 22-CV-09822, 2023 WL 1348781 (S.D.N.Y. Jan. 31, 2023); *see also Sanchez v. Am. Heritage Textiles, LLC*, 22-CV-4564, 2023 WL 2366950 (S.D.N.Y. Mar. 6, 2023).

Thank you for considering this request.

Respectfully submitted,

FORCHELLI DEEGAN TERRANA LLP

By: _____
Gregory S. Lisi, Esq.

cc. Mars Khaimov, Esq. (via ECF)